UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

ATTORNEY JEFFREY DAVID THAV          Misc. No. 12-mc-50264
(P61326)          Hon. Gerald E. Rosen
_____/

ORDER DENYING ATTORNEY JEFFREY DAVID THAV'S MOTION
TO VACATE OR MODIFY RECIPROCAL ORDER OF DISCIPLINE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      April 5, 2012

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

I. INTRODUCTION

On February 8, 2012, a three-judge panel of the United States District Court for the Western District of Michigan issued an Administrative Order suspending Attorney Jeffrey David Thav from practicing in the Western District of Michigan for a period of one year. *See* Administrative Order 12-019, W.D. Mich. No. 12-mc-00023, Dkt. # 3. On March 1, 2012, pursuant to Eastern District of Michigan Local Rule 83.22(g)(1), this Court entered a reciprocal order suspending Thav from practice in the Eastern District of Michigan. *See* Order of Suspension, E.D. Mich. No. 12-mc-50264, Dkt. # 6. Attorney Thav now requests that this Court enter an order vacating or modifying the reciprocal order of suspension pursuant to L.R. 83.22(g)(2).

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 2011, the Honorable James D. Gregg, Chief Judge for the U.S. Bankruptcy Court for the Western District of Michigan, submitted to the Chief Judge of the U.S. District Court for the Western District of Michigan a Recommendation for the Suspension or Disbarment of Attorney Jeffrey David Thav (the "Complaint") due to his failure to attend scheduled hearings, despite repeated warnings and a period of informal probation, and other concerns Judge Neff had about Thav's practice, including Thav's untimely payment of filing fees, the inaccuracy of his fee disclosures, his arrangements with other attorneys to cover hearings in the Western District for him, and his client solicitation practices.

The District Court for the Western District of Michigan thereafter issued a Show Cause Order directing Thav to show cause why he should not be suspended or disbarred from practicing before the Court based upon Judge Neff's Complaint. Judge Neff's Complaint was attached to the Show Cause Order. A Disciplinary Hearing was conducted before a three-judge panel on July 25, 2011. On February 8, 2012, the District Court for the Western District of Michigan issued Administrative Order No. 12-019 suspending Thav from practicing in the Western District for a period of one year, commencing on March 1, 2012.

On February 22, 2012, Thav filed an appeal from Administrative Order No. 12-019 with the Sixth Circuit Court of Appeals. The next day, he filed a Motion for Stay

with the District Court for the Western District of Michigan, requesting that the Court stay the order of suspension pending disposition of his appeal. The Motion was denied. *See* 2/27/12 Order, W.D. Mich. No.12-mc-00023, Dkt. # 7.

At the same time that Thav moved for a stay in the Western District, Thav filed a Motion in this Court "for an Order Staying the Reciprocal Effect of W.D. Michigan Administrative Order 12-019 Pending Appeal." The Court denied Thav's motion on February 29, and on March 1, 2012, entered a reciprocal Order of Suspension pursuant to E.D. Mich. L.R. 83.22. *See* Misc. No. 12-mc-50264, Dkt. Nos. 5 and 6. On March 9, 2012, Thav filed the instant "Motion to Vacate or Modify Reciprocal Discipline."

### III.  DISCUSSION

Eastern District of Michigan Local Rule 83.22 provides that when another jurisdiction enters an order against an attorney admitted to practice in this district, the same discipline is "automatically effective in this court without further action by the Court." L.R. 83.22(g)(1)(A). The intent of the Local Rule is that the reciprocal discipline imposed by this Court be identical to the discipline imposed in the other jurisdiction. "On receipt of written notice that another jurisdiction entered an order of discipline against an attorney admitted to practice, the chief judge will enter an order imposing the same discipline effective as of the date that the discipline was effective in the other jurisdiction." *Id.*

The attorney upon whom such discipline was imposed, however, may apply to the

chief judge to modify or vacate the order of reciprocal discipline. *See* L.R. 83.22(g)(2)(A). However, modification or vacation of the discipline is allowed only in very limited circumstances:

> (B) The court shall modify or vacate the discipline if in the record supporting the order of discipline in the other jurisdiction, the attorney demonstrates or the court finds that it clearly appears that --
>
> > (i) the procedures in the other jurisdiction constituted a deprivation of due process; or
> >
> > (ii) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not accept as final the conclusion on that subject; or
> >
> > (iii) imposing the same discipline in this court would result in grave injustice; or
> >
> > (iv) the misconduct warrants substantially different discipline.

L.R. 83.22(g)(2)(B).

Attorney Thav's motion to vacate or modify the discipline imposed upon him is based upon the grounds set forth in subsections (i), (iii) and (iv) of Local Rule 83.22(g)(2)(B). Having reviewed and considered Thav's motion in light of the requirements of the Local Rule, the Court concludes that neither vacation nor modification of the discipline is warranted.

Thav first argues that "the procedure in the other jurisdiction constituted a deprivation of due process" as provided in subsection (i) because the Western District of

Michigan panel relied on issues not raised in, or that arose after, Judge Neff's Complaint. Specifically, he points to the references in the Order to issues he raised in his response, and to a complaint the court received from a client about him only eleven days before the disciplinary hearing.[1]  Thav claims that the panel's consideration of these matters violated his right to due process because he was denied fair notice of these charges.  In support of his argument, Thav relies upon *In the Matter of Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222 (1968).  Thav's reliance on this case is misplaced.

In *Ruffalo*, an attorney was charged with twelve counts of misconduct.  During the disciplinary hearing, the Ohio Board of Commissioners on Grievances and Discipline added a thirteenth charge. As Attorney Thav acknowledges, ultimately, Ruffalo was disbarred *solely* on the basis of the thirteenth charge -- the new charge that had been added by the Grievance and Discipline Board during the disciplinary hearing.  390 U.S. at 547. 88 S.Ct. at 1224.  The Supreme Court found that disbarment proceedings were constitutionally infirm because Ruffalo had not been given fair notice of the charge upon which his disbarment was based.  This absence of fair notice "deprived petitioner of procedural due process."  *Id*., 390 U.S. at 550, 88 S.Ct. at 1226.

By contrast, in this case, Attorney Thav was suspended for his repeated failure to appear, despite repeated warnings -- charges of which he had been given fair notice from

---

[1] This complaint only came before the panel because Thav himself provided it to the panel along with other materials he provided the court in response Judge Gregg's charging complaint.  *See* 2/27/12 Order denying Thav's motion to stay Suspension Order, W.D. Mich. No. 12-mc-00023, p. 1, Dkt. # 7.

5

the beginning. *See* Western District of Michigan Suspension Order, pp. 1-2. Further, as noted by the panel, "Thav does not contest his repeated failures to appear, or the repeated warnings he received from the Judges. He admits they occurred, and takes responsibility for them. . . ." *Id.* at p. 2.

While it is true that the panel noted in the Suspension Order other issues of concern raised by matters addressed in Thav's Response and by the client complaint that had only surfaced shortly before the disciplinary hearing, unlike the disbarment court in *Ruffalo,* the panel expressly did *not* base its suspension decision any of these "new" matters. *See* Suspension Order p. 3. "*This panel is not taking and need not take any position on the ethics, per se, of any of the matters referenced in the preceding paragraph.*" *Id.* (Emphasis added). *See also*, Suspension Order pp. 3-4 (noting that before the disciplinary hearing the Bankruptcy Court received a fresh complaint from a client of Attorney Thav that "involved some of the same kind of issues in play in the other matters detailed in Judge Gregg's letter of complaint . . . the emergence of [which] at a time Attorney Thav is under the microscope for the very same sort of practice problems is deeply troubling.")

The panel expressly stated that it was including a narrative of these other areas of concern because they "illustrate[d] an underlying practice management problem" which the panel believed was "at the root" of all of the problems noted, and was one that could be cured during the one-year suspension by giving Attorney Thav during that period of time "an opportunity to consolidate his practice, concentrate his resources and build his

legal and management skills to the point where he may well be able to handle a multi-district practice . . . and the many professional and logistical challenges of managing hundreds of small files throughout a geographically far flung area." *Id.* at pp. 5-6.

Simply stated, there is nothing in the Western District's Suspension Order suggesting that its suspension was based solely upon the "new" complaint or upon matters not raised in Judge Neff's letter of complaint.

For the foregoing reasons, the Court concludes that Attorney Thav has failed to establish that the disciplinary proceedings in the District Court for the Western District of Michigan were constitutionally defective. Therefore, there is no clear showing of grounds for vacating or modifying the reciprocal Suspension Order pursuant to L.R. 83.22(g)(2)(B)(i).

Attorney Thav also argues that the reciprocal Suspension Order should be vacated or modified because "the misconduct warrants substantially different discipline" and that to impose the same discipline as imposed by the Western District "would result in grave injustice." *See* L.R. 83.22(g)(2)(B)(iii), (iv). Thav contends that different discipline should be imposed in the Eastern District than what was imposed in the Western District because the Western District panel stated in its subsequent Order denying Thav's motion to stay the suspension order, "Nothing in the suspension order from this Court requires any other jurisdiction to take action against Attorney Thav, particularly where the basis for this Court's order is carefully described and limited to his conduct on matters in this

Court." *See* 2/27/12 Order, p. 2, W.D. Mich. No. 12-mc-00023, [Dkt. # 7]. The Court is not persuaded that this statement establishes a basis for finding that Thav's "misconduct warrants substantially different discipline."

This Court has attorneys who are routinely reciprocally disciplined for actions in another jurisdiction, where the behavior giving rise to the discipline is not repeated here. Indeed, pursuant to our Local Rule, when another court suspends an attorney, no independent "action" is required of this court; reciprocal suspension is *automatic*. *See* L.R. 83.22(g)(1) ("When another jurisdiction enters an order of discipline against an attorney admitted to practice in this court, **the same discipline** *is automatically effective in this court*, without further action by the court.") Indeed, in most jurisdictions, the presumption is that a court imposing reciprocal discipline will impose the same discipline as was imposed by the court that imposed the original discipline. *See e.g., In re Roman*, 601 F.3d 189, 192 (2nd Cir. 2010) ("[The Local Rules] reflect a rebuttable presumption that the reciprocal discipline imposed by this Court will be identical -- or as close to identical as our rules and the circumstances permit -- to the discipline imposed by the prior court"); *In re Williams*, 398 F.3d 116, 119-20 (1st Cir.2005) ("Given the limited nature of our inquiry, the norm will be for this court to impose discipline which is substantially similar to that imposed by the state court"; also noting that the court's disciplinary rule requires imposition of "substantially the same discipline as was imposed by the original court"); *In re Fallin*, 255 F.3d 195, 197 (4th Cir.2001) (court presumes,

8

pursuant to explicit language of local rule, that reciprocal discipline will be identical to original discipline); *In re Hoare*, 155 F.3d 937, 940 (8th Cir.1998) ("[W]hen a district court learns that a member of its bar has been subject to discipline by another jurisdiction, the identical discipline is typically imposed.") (citations omitted).  *See also* ABA Model Rules for Lawyer Disciplinary Enforcement, R. 22(D) (2002) (providing that court "shall impose the identical discipline" as the prior jurisdiction, unless certain criteria are satisfied."); ABA Model Federal Rules of Disciplinary Enforcement, R. II(D) (1978, 1991) (same).

      Thav also contends that for this Court to suspend him for a year would operate a grave injustice because it would prevent him from practicing law here, which jeopardizes his family.  However, the "grave injustice" showing required to vacate or modify a reciprocal order of discipline does not focus on the effect of the reciprocal order but on the original order and whether the severity of the punishment imposed by the first court "fits" the misconduct.  *See e.g., In re Kramer*, 282 F.3d 721, 727 (9th Cir. 2002) (on challenge to imposition of reciprocal discipline, "we inquire only whether the punishment imposed by [the first] court was so ill-fitted to an attorney's adjudicated misconduct that reciprocal disbarment would result in grave injustice"); *In re Attorney Discipline Matter*, 98 F.3d 1082, 1088 (8th Cir.1996) (no grave injustice where disbarment imposed by the state court "was within the appropriate range of sanctions"); *In re Smith*, 123 F. Supp. 2d 351, 355 (N.D. Tex. 2000) (in determining whether to discipline a member of its bar

consistent with a disciplinary adjudication by another federal court, the reciprocal court confines its review to the record developed in the first court to determine whether there was (1) a deprivation of due process; (2) a lack of adequate proof establishing misconduct; or (3) that the imposition of reciprocal discipline would result in grave injustice).

Here, the discipline imposed by the District Court for the Western District of Michigan was the result of many, repeated offenses, and was imposed only after repeated warnings and the imposition of lesser sanctions did not correct Attorney Thav's conduct. Under these circumstances, the imposition of a one-year suspension was not a grave injustice.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Attorney Thav's Motion to Vacate or Modify Reciprocal Discipline **[Dkt. # 8]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 5, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager